The next case on the calendar is United States v. Steele. May it please the Court. Good morning, Your Honors. I'm Lucas Anderson, representing Appellant Joseph Steele. In Stuckey v. United States, a panel of this Court determined that subsection 4 of New York's First Degree Robbery Statute does constitute a violent felony under the Armed Career Criminal Act, and without a contrary en banc or Supreme Court determination, this panel is bound by that determination. With respect to our second point on appeal, the exculpatory lab report, which indicated that gunshot residue had not been found on the defendant's jacket, was improperly precluded by the District Court. All of the requirements for admissibility under Rule 803, Section 8A.3 of the Federal Rules of Evidence had been satisfied, and so it was the government's burden to prove that the findings of that report were somehow untrustworthy. But all the government's arguments, which the District Court relied on, related to the evidentiary weight, the probative value of this report, and not to its trustworthiness or its admissibility. Trustworthiness is affected . . . So it is the government's burden to show that this was not trustworthy and in some way not admissible for that reason. That is the government's burden under Section 803, right? Correct. Once all the requirements for admissibility had been satisfied, and this was a record, a statement of a public office. It was offered by a defendant in a government, and it set forth factual findings of a lawfully authorized investigation. The availability of the declarant does not matter under these exceptions to the hearsay rule. Did the court make a Rule 403 analysis? I do not believe the court made a Rule 403. The government made a Rule 403 objection in their written submission, but I don't believe that the court . . . To the District Court. Yes, but I don't believe the District Court. This was not a written opinion. This was a colloquy before the trial started. So you offered the evidence, and the government said, well, there are these flaws because they didn't use the up-to-date equipment and gunshot residue frequently. It usually is not found on the shooter, and you shouldn't . . . this evidence is not really trustworthy, and raised a 403 argument, and the court rejected the evidence. The court rejected the evidence as untrustworthy, and the court also said that the witness should have been called in to testify as an expert. The District Court said that it was somehow a Rule 702. My question is, what evidence is there that the microscope, the SEM, was in fact . . . the high power was the industry standard? That is, whose burden is it to show . . . I know it's an important one, that the test that was done was not a good one, not trustworthy, because this wasn't a high-powered enough microscope. But my question, and I'll ask the same of the other side, is who bears the burden of showing what the industry standard is? Well, that would be the government's burden, and it would be their burden at trial, because it's something that affects the probative value or the evidentiary weight, not the trustworthiness of this report. No, no, I think . . . look, on some of these, I agree with you that it's a matter of weight. I think on whether this is trustworthy evidence goes to whether this was a microscope that was good at finding this or not. If this was not the right microscope, this goes to admissibility, to trustworthiness, not to weight. But my question is, did the state's . . . their burden . . . any evidence that this was not a trustworthy microscope because other microscopes are used? And I'm having trouble looking at this record, which really goes to the other side, finding the evidence that everybody else . . . that what was done in this area was using a more high-powered microscope. Correct. Well, it would have been the government's burden. If that issue did go to the admissibility, it was the government's burden to prove it. All they did was present an argument to the district court based on their say-so about an interview they allegedly had with this NYPD criminalist. That was the only evidence that was before the district court were those arguments. Is that evidence? That's not sufficient evidence, and the government didn't meet their burden, assuming that that element itself would have been relevant to the admissibility, the trustworthiness. Is the defense proper anything in response? No, because . . . In response to the microscope issue specifically? Yes. To say, no, it is the industry standard, Your Honor. No, Your Honor. There was no evidence either way besides the government's recitation of this conversation, they say, that they had with the criminalist who prepared the report. But trustworthiness goes to issues such as whether the person who prepared the report has some sort of bias or motive in the case, or if the report only contains preliminary findings. Factual findings can include the results of scientific reports like this one. This court held that in the Oates case, which the government cites, too, in their brief, but they don't distinguish that case from the facts here at all. Let's say we agree with you. Let's say we agree with you and say it seems admissible under the exception to the hearsay rule because the microscope was . . . there's no showing here that the microscope wasn't working properly or that the examiner had a bias, and it did what it did within the confines of what it did. That still leaves a problem if we accept the proper of the government as valid, and you're challenging that, but if we accept the proper that, gosh, this way of testing is really not very reliable, it's not sufficiently probative, and it's going to confuse the jury to make this an appropriate determination under Rule 403. So even if we accept that it should have come under the hearsay rule, why wasn't it properly excluded under Rule 403? And so any determination by the district court is . . . maybe they cited the wrong evidence rule, but it's harmless. Ultimately, the determination was correct. There wasn't sufficient evidence that the use of the microscope that was used in this case would in any other way be unreliable. The fact that there is a new state-of-the-art microscope that some police . . . Let me just examine. If something is admissible under 803, does that overcome the 403 balance or does it set the groundwork for the balance? I wasn't really clear. Your argument sounds as if if it is 803, that's the end of it, and the court does not need to do a 403 balance. Or is the point, if it is admissible under 803, then the court must do a 403 balance of prejudice and probative, and that's what I'd like to hear. Which of the two is it? Yes, Your Honor. The court must do a 403 balance after determining that it's . . . whether or not it is admissible under the hearsay exception. The district court did not do that here. The district court ruled that it was inadmissible, that it was hearsay, and that the analyst should have been brought in to essentially cross-examine the findings. Your argument is that it could have been excluded under 403, but that the court didn't do that because they erred on admissibility under 803? My argument is . . . I'm just trying to get your argument. The court did not make a Rule 403 analysis, but, you know, 403 does still apply to all pieces of evidence such as this one, and that this one, this item of exculpatory evidence regarding a scientific test, there's no evidence that it's actually untrustworthy or that the criminalist had any sort of bias, is relevant and any confusion or whatever that the government might raise is not substantially, does not substantially outweigh that highly probative value, especially in light of the fact that there was other scientific evidence which tended to exculpate the defendant, the lack of any DNA evidence or the lack of any fingerprint evidence on the gun. And so, given all that, and given the fact that the jurors specifically asked, the one substantive note they sent out during their deliberations was to ask whether gunshot residue tests were performed, I think we can't say that this was a harmless error by any means. I see my time is up, Your Honors. If there's no further questions. May it please the Court, Jelan Kamal on behalf of the United States, and I also represented the United States before the District Court. Briefly, as the Court is aware, there are three issues here, only two of which really remain live after the comments by appellant. And so I will skip over, frankly, the Johnson-Stuckey issue and merely note that Stuckey forecloses this grounds for appeal. It is the binding law of the circuit at the moment. I would also add that the appellant has alleged that the government summation was in some way improper. The government here fairly commented on the evidence by citing to witness testimony and by pointing out how that testimony was corroborated by other evidence. And Judge Marrero committed no error, much less plain error, by permitting these remarks. And then finally, where I anticipate much of our time together will be spent, the District Court was well within its discretion when it ruled that a misleading gunshot residue report could not be introduced as an exception to the hearsay rule under 803-8. The record reflects that the circumstances that led to the report's findings were patently unreliable. What evidence do you have for that? I mean, leave aside the question of whether then a 403 finding was made and any question of harmlessness, but what evidence is there that this was unreliable other than a statement by the government, not substantiated, that a different microscope was usually used, was the standard of industry. But I don't see any evidence about that other microscope, in fact, ever being used or being used as what you did, rather than this one. So I understand your question, Judge Calabresi. The issue here is that 803-8 is not clear about how challenges to . . . It's clear that it's the person who did the test meets all the qualifications . . . Agreed. . . . and did a test that on its face would seem to speak to it, a microscope and so on. Now, the government has a perfect right to come in with evidence that says the microscope was broken, it's the wrong microscope, here are reasons why it's unreliable. But I want to see the evidence to that point. And that's what, other than an assertion by the government, which isn't evidence, I don't see it. Here, Your Honor, the record reflects what I would characterize as an attorney proffer by the government. Because I was the prosecuting attorney below, I can add, supplement that record, which . . . No, you can't go beyond the record. That's noted, Your Honor. But what I can say, and which is reflected in the record here, is that defense counsel had contacted and debriefed Ms. Martinez, who is the author of the record, Ms. Martinez, to testify. But that doesn't go to the question of whether this is 803 evidence, which the government has a burden to show is not reliable. And the fact that Ms. Martinez might come or might not come doesn't go to that issue. That is, I'd just like you to help me find why this isn't 803 evidence. Then, if it is 803 evidence, and the district court may have erred or not on that, whether, despite its error of saying it did a 403 balance, which is a different issue. So, I understand you'd be asking two separate questions, Judge Calabresi, so I'll try to keep them separate. The first is that the government attempted to introduce the evidence beyond simply an attorney proffer by inviting or offering to voir dire Ms. Martinez before the court ruled, and that is reflected in the record at Appendix 62. And so, there was an attempt by the government here to put forward that evidence. And I would add, Your Honor, if I may, simply that defense counsel never rebutted or opposed the characterization of the weaknesses behind the report that rendered it untrustworthy. In other words, it doesn't have to if it's the government's burden. If it's the government's burden, then the defense doesn't have to say, I have to come in with Ms. Martinez or this is so. If it's the government's burden, it's the government's burden. It's not that difficult. The government has burdens over time and knows very well how to meet them. When did, just trying to understand the record, when did the government learn, so the original intent was that the defendants had said we're going to call Ms. Martinez and we're going to introduce the record to her? That's correct. And when did this come up at trial? When did that change and how did it change? Help me understand the record. So, the record here was that the trial, the motion was made to admit the Martinez report, if I may call it that, basically on the eve of trial, the day before. It was briefed the day before. Judge Marrero ruled before the first witness was called. At that point, I believe it was October 20th, and at that point, notice was given to the government that the defense intended to call Ms. Martinez. The government, in fact, assisted the defense in ensuring that they could get prompt access to her and prepare her testimony. And then on the 24th, the government anticipated that she would testify because October 24th was the day that the defense's case was opened. She appeared in court that day and she was not called. And the record reflects later on that defense counsel below, in fact, stated that it believed it did not need to call Ms. Martinez. Could the government at that point have called Ms. Martinez to cast doubt on the thing? Yes. I take it that defense counsel made a judgment that under 803, there was enough and there was nothing that it needed to do because on the face of it, this is qualified evidence, so they chose not to call the witness. And then the burden shifts to the government. Could the government have called Ms. Martinez who would have said, Yeah, I've done this, but frankly, I'm not very sure of it, which, of course, would cast exactly the right doubt. If I may understand the moment in time that you're asking about, Judge Calabresi. After they have introduced 803 evidence, which on the face of it, at the beginning, looks qualified, and so it's the government's burden. Was the government barred from introducing Ms. Martinez as a way of undercutting it? I do not believe so, Your Honor. I have seen no indication in the case law that the government could not have called her to rebut her own report. I see my yellow light is on, but I'm sorry, Judge Cares. I believe I saw a question from your direction coming. No. Yellow is not red. I have a question. Certainly. Let's assume for a moment that we determined that we thought the government had not met its burden of showing that the evidence was untrustworthy under the 803 exception. Where would that leave the government then? With respect to this appeal, and I believe this is the second half of Judge Calabresi's question about the 403 analysis, here Judge Marrero clearly engaged in a 403 balancing exercise, even if he did not use the magic words of 403. And I believe his precise words were, in the joint appendix at 72, the report is not reliable by itself. And here the issue, it is characterized as being one of weight versus admissibility by the appellant. The true issue here, however, is that this report, which would ordinarily be considered an expert report, a scientific report, here it was the methodology that was used. Look. Look. I have no doubt that if the court had said this is admissible under 803, on the other hand, the weight, which would normally be for the jury if I let it in, is one of the factors that I can consider in examining probative versus prejudicial, because weight goes to probative. So it would be perfectly fine. And if we can read the district judges having done that, then the government is home free. The question is, can we read the district court as having done that when the district court, if the district court, arguendo, said this is not admissible at all, and that was erroneous, because then how can it have balanced? So that's my question as to what the district court did. Did the court say, well, I think it's inadmissible, but I'll treat it as admissible because the government has met its burden, so it goes to probative, and here probative and prejudicial come out this way and therefore are excluded. But is that what happened? I think the record reflects Judge Calabresi that when the court, when Judge Murrow engaged in that balancing exercise contemplated by 403, he came out and his precise words were, the report is not reliable by itself. It is not probative by itself. And notably here, in light of the weaknesses of the report. I don't want to keep you, but my problem is the very fact that the court used the word reliable, which goes to admissibility under 803 in the first place. But that's the very word that the government has to show. And if it had used a different word, it would be easier. Words may be, you know, I may be putting too much weight, but that's what's worrying me. I see my red light is on. Unless the court has any other questions, the government is content to rest on its brief. Very briefly, Your Honors, I think the record reflects that the district court did not make a determination under Rule 403. But if we were to assume just for the sake of argument here that the court did, I think the court would have been in error for the same reason that the court was in error under the Rule 803 analysis, which is that the government simply did not present sufficient reason for the court to believe that the evidence was somehow prejudicial, overwhelmingly prejudicial or cumulative or misleading to the jury in any way. Otherwise, you could say the same thing about all sorts of scientific tests. So maybe this DNA test is inadmissible under Rule 403 because there are issues of transference and things like that. Everything that they give a great deal, we give a great deal of leeway to courts, whether we should or not, I don't know. But if you look at our precedents, we give a great deal of leeway to courts on making that 403 balance. On questions that do go to the weight of the evidence, like the question of whether the fabric was right, all of those things, which are weight of the evidence, are things that the court can take into account in a 403. Correct. But on the record that was before the court, and in light of the fact that this was an exculpatory scientific report on top of other inculpatory scientific reports, I think the court, if it had made that determination under Rule 403, it would have been a reversible error. Are there no further questions from the court? Just to make sure, it would be reversible. Why? Because you thought the balance was not within the permissible scope of balancing or that the district court couldn't make that determination based on an attorney proper? Well, for both of those reasons. It's based on everything that was before the court, which was just this attorney proper about several issues, which even if they were all proven to be true, wouldn't have rendered the report so prejudicial or misleading that it would overwhelm the plainly, I think, probative value of an exculpatory scientific report. And so it would have been, if the court had made that determination, an abuse of discretion under Rule 403. But, again, I don't believe that decision was made by the court. Thank you, Your Honors. Thank you both.